IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERTA JACQUELINE KACINKO,   )
                              )
            Plaintiff,        )
                              )
    v.                        )
                              )   Civil Action No. 12-1094
CAROLYN W. COLVIN,            )
COMMISSIONER OF               )
SOCIAL SECURITY,              )
                              )
            Defendant.        )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 12th day of August, 2013, upon consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act, IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 13) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 11) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those

findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed her applications for DIB and SSI in May 2009, alleging disability beginning on June 5, 2006, due to asthma, vitamin B12 deficiency, low back pain, depression, bipolar disorder and anxiety and panic disorder. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on December 16, 2010. On February 18, 2011, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on June 28, 2012, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff, who has a high school education, was 39 years old on her alleged onset date of disability, and is classified as a younger individual under the regulations. 20 C.F.R. §§404.1563(c), 416.963(c). Plaintiff has past relevant work experience as an emergency medical technician, secretary and ambulance driver, but she has not engaged in substantial gainful

activity at any time since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act.  Although the medical evidence established that plaintiff suffers from the severe impairments of asthma, vitamin B12 deficiency (anemia), low back pain, major depressive disorder, bipolar disorder and generalized anxiety disorder/panic disorder, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform light work, but she is restricted by certain non-exertional limitations.  In that regard, plaintiff is limited to performing work that involves simple, routine, repetitive tasks and very short, simple instructions, as well as simple work-related decisions.  Plaintiff also is limited to working in a stable environment that involves few changes.  Finally, plaintiff is restricted to work that involves only occasional contact with the general public and co-workers (collectively, the "RFC Finding").

As a result of these limitations, the ALJ determined that plaintiff could not perform her past relevant work.  However, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's vocational factors and residual functional

capacity enable her to perform other work that exists in significant numbers in the national economy, such as a marker, garment sorter and mail clerk. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must determine: (1) whether the claimant currently is engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of her age, education, work experience and

residual functional capacity.[1] 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff argues that the ALJ erred at step 5 because: (1) he gave inadequate weight to the opinion of a consulting psychologist who examined her; and (2) he failed to incorporate into the RFC Finding certain aspects of the state agency consultant's opinion which he had given great weight. The court finds that these arguments lack merit.

Plaintiff first argues that the ALJ gave inadequate weight to the opinion of Dr. Linda Rockey, who performed a one-time psychological consultative examination of plaintiff. According to the regulations, the ALJ will give an opinion the weight he deems appropriate based on such factors as whether the physician treated or examined the claimant, whether the opinion is supported by medical signs and laboratory findings and whether the opinion is consistent with the record as a whole. See 20 C.F.R. §§404.1527(c)(1)-(4), 416.927(c)(1)-(4). In light of these factors, the ALJ properly determined that Dr. Rockey's opinion should be given less weight. (R. 19).

Dr. Rockey found that plaintiff could understand, remember and carry out short, simple instructions, but she was moderately

---

[1] Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §§404.1545(a)(1), 416.945(a)(1). In assessing a claimant's residual functional capacity, the ALJ is required to consider her ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

limited in her ability to do so with regard to detailed instructions. (R. 270). Dr. Rockey also found that plaintiff was markedly limited in her ability to interact with the public, co-workers and supervisors and in responding appropriately to work pressures and changes. (R. 270). Dr. Rockey concluded that plaintiff would have difficulty maintaining consistent employment on a daily basis. (R. 268).

The ALJ determined that Dr. Rockey's opinion was entitled to "less weight" because it appeared to be based primarily on plaintiff's subjective complaints, which the ALJ found not entirely credible,[2] and because her opinion was inconsistent with other evidence of record. (R. 19). In that regard, the ALJ discussed records from Dr. Dennis Wayne, who was plaintiff's treating psychiatrist, which did not support Dr. Rockey's restrictive assessment. (R. 18). Indeed, Dr. Wayne's more recent progress notes indicate that plaintiff's condition was controlled with her medications, she was doing well and she had no complaints. (R. 310, 312, 328).

After reviewing the record, the court finds no error in the ALJ's consideration and weighing of Dr. Rockey's opinion.

---

[2]Plaintiff complains that it was inappropriate for the ALJ to reject Dr. Rockey's opinion because it was based on plaintiff's subjective complaints to the doctor. To be clear, the ALJ concluded Dr. Rockey's opinion was entitled to less weight because it was based on plaintiff's subjective complaints, which the ALJ found to be lacking credibility, and because Dr. Rockey's opinion was inconsistent with the other record evidence. (R. 19). Thus, the ALJ did not simply reject Dr. Rockey's opinion because it was based on plaintiff's representations to her; rather, it was one of the factors which the ALJ took into account when considering and weighing Dr. Rockey's assessment.

Moreover, despite giving Dr. Rockey's opinion less weight, the ALJ nevertheless incorporated some of her assessment into the RFC Finding by limiting plaintiff to simple, routine, repetitive tasks, simple work-related decisions and very short, simple instructions, as well as work in a stable environment that involves few changes and only occasional contact with the general public and co-workers.

Plaintiff next argues that the ALJ failed to incorporate into the RFC Finding certain aspects of the state agency consultant's opinion which he had given great weight. More specifically, plaintiff contends that the ALJ failed to adequately account for the consultant's finding that plaintiff has moderate limitations in concentration, persistence and pace. The court finds that this argument is without merit.

Dr. Phyllis Brentzel, who is a non-examining state agency psychologist,[3] reviewed plaintiff's records and completed a residual functional capacity assessment of her ability to perform various mental work-related tasks. (R. 272-75). Dr. Brentzel determined that plaintiff was not significantly limited in her ability to understand, remember and carry out short and simple instructions, but she was moderately limited in her ability to do

---

[3] The Regulations specify that state agency psychological consultants, such as Dr. Brentzel, "are highly qualified . . . psychologists . . . who are also experts in Social Security disability evaluation. Therefore, administrative law judges must consider findings and other opinions of State agency medical and psychological consultants . . . as opinion evidence, except for the ultimate determination about whether [a claimant is] disabled." 20 C.F.R. §§404.1527(e)(2)(i), 416.927(e)(2)(i).

so with respect to detailed instructions and she was moderately limited in her ability to maintain attention and concentration for extended periods. (R. 272). Dr. Brentzel also found that plaintiff was moderately limited in her ability to interact appropriately with the general public and co-workers. (R. 273).

The ALJ gave Dr. Brentzel's assessment great weight because he found that is was consistent with the record evidence as a whole, (R. 19), and he relied on that assessment in fashioning the RFC Finding. The court finds no error in the ALJ's consideration of Dr. Brentzel's opinion, and further finds that the ALJ adequately incorporated Dr. Brentzel's assessment of plaintiff's mental functional capacity into the RFC Finding.[4]

In conclusion, after carefully and methodically considering all of the medical evidence of record, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Therefore, the decision of the Commissioner must be affirmed.

_/s/ Gustave Diamond_
Gustave Diamond
United States District Judge

---

[4] As previously stated, the ALJ's RFC Finding limited plaintiff to work that involves simple, routine, repetitive tasks and very short, simple instructions, as well as simple work-related decisions and only occasional contact with the general public and co-workers. These limitations reflect Dr. Brentzel's assessment of plaintiff's functional ability to perform various mental work-related requirements.

```
cc:  Lindsay Fulton Osterhout, Esq.
     521 Cedar Way
     Suite 200
     Oakmont, PA 15139

     Christy Wiegand
     Assistant U.S. Attorney
     700 Grant Street
     Suite 4000
     Pittsburgh, PA 15219
```